The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Plaintiff,**

v.

**MARINE NATIONAL EXCHANGE BANK OF MILWAUKEE,**
**Defendant.**

No. 69–C–545.

United States District Court,
E. D. Wisconsin.

Feb. 14, 1974.

See also D.C., 315 F.Supp. 520.

Quarles & Brady by Frank J. Daily, Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & McNulty by Ward Dunphy, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendant's motion for summary judgment. No issue exists as to any material fact.

The plaintiff, the Prudential Insurance Company of America (Prudential) issued a check in the amount of $20,000 payable to one of its policy owners, a Hilda Nissen. Through a fraudulent scheme, a Prudential employee and agent, James Williamson, had supplied Mrs. Nissen's name, intending that she have no interest in the instrument. Prudential seeks to recover from the defendant, Marine National Exchange Bank, the sum of $20,000 which that bank paid to Mr. Williamson's alleged bookie, a Mr. Plotkin, over Mrs. Nissen's forged blank endorsement. I conclude that the defendant's motion for summary judgment should be granted.

Section 403.405(1)(c), Wis.Stats., is applicable to "padded payroll" factual situations. That section of the Uniform Commercial Code (U.C.C.) provides that:

"(1) An endorsement by any person in the name of a named payee is effective if:

.  .  .  .  .  .

"(c) An agent or employe of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest."

■ To the extent that a cashing bank is subject to the "good faith" requirement of § 401.203, its defense under § 403.405(1)(c) is, of course, not absolute. However, the plaintiff has not alleged or argued that the defendant cashed the check in bad faith or that it was not a holder in due course; these questions are not before this court.

■ I believe that Prudential's position, that Marine is barred from raising the defense under § 403.405(1)(c) by its alleged negligence in paying over the forged endorsement, is without merit for at least two reasons. First, comment 4 to § 3–405 of the Uniform Commercial Code, now § 403.405, Wis.Stats., flatly states that, in a "padded payroll" case like the one presented here, the loss should fall upon the employer of an unfaithful employee; no qualification for the negligence of the payor bank is indicated. The fact that the draftsmen of the U.C.C. consciously allocated the loss incurred in this type of situation to the employer, suggests the irrelevancy of the bank's alleged negligence.

Secondly, conspicuous by its absence in § 403.405 is a requirement that the paying or collecting bank exercise ordinary care. Compare, e. g., §§ 403.406 and 404.406, Wis.Stats. It is clear that where the draftsmen of the U.C.C. used a particular phrase in certain instances, or omitted that phrase in another, they had a different result in mind. See In Re Hardin, 458 F.2d 938 (7th Cir.1972). Under these circumstances, I conclude that a determination as to the bank's alleged negligence is not relevant; absent a showing of bad faith on the part of the defendant, the plaintiff cannot avoid the defense provided in § 403.405(1)(c), Wis.Stats.

Therefore, it is ordered that the defendant's motion for summary judgment be and hereby is granted.

It is also ordered that the instant action be and hereby is dismissed.