CLINTON WEILBACHER BUILDER, INC., Appellant,

v.

KIRBY STATE BANK and Broadway National Bank, Appellees.

No. 16695.

Court of Appeals of Texas, San Antonio.

Nov. 10, 1982.

John Michael Doyle, Doyle & Mogford, San Antonio, for appellant.

Bruce L. Goldstein, San Antonio, Don Krause, Bayne, Snell & Krause, Gershon Cohen, San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and CLARK, JJ.

## OPINION

CADENA, Chief Justice.

This is an appeal from a summary judgment. Plaintiff, appellant, brought a negligence action against Kirby State Bank (Kirby) to recover $22,738.00 which he alleges was wrongfully paid by the bank from his account on forged indorsements. The evidence shows that at various times in a fourteen month period appellant's employee, Norma Wilson, forged the payees' signature on 32 different checks drawn by appellant and made payable to various creditors. The evidence also shows that Kirby, in the course of regular banking transactions with the Broadway National Bank (Broadway), the collecting bank, accepted the forged checks, honored them and charged and/or debited the amounts against appellant's checking account.

Kirby brought a third party action against Broadway for indemnification pursuant to Tex.Bus. & Com.Code § 4.207 (Vernon 1968) on the theory that as a collecting bank, Broadway breached its warranty that all signatures on checks transferred for payment were genuine and authorized.

Defendants' answer alleged, *inter alia,* that plaintiff's claim is barred by Tex.Bus. & Com.Code Ann. § 3.405(a)(3) (Vernon 1968), which provides:

(a) An indorsement by any person in the name of a named payee is effective if

\* \* \* \* \* \*

(3) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest.

On defendants' motions for summary judgment pursuant to this section, the trial court granted Kirby a take-nothing judgment against appellant and Broadway a take-nothing judgment on the third party complaint by Kirby.

Appellant failed to file a written response to the appellees' motion for summary judgment. The necessity for filing a response to a motion for summary judgment was discussed in detail by the Texas Supreme Court in *The City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The nonmovant need not file an answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *Supra,* at 678. Accordingly, the sole issue before this Court is whether the summary judgment evidence is sufficient to support the trial court's finding that Wilson did not intend the payees to receive the money in question. Appellant's challenge is unconvincing.

Appellant's sole point of error is that the trial court erred in granting summary judgment because genuine issues concerning material facts of the case exist. He contends that an essential element of Section 3.405(a)(3), that is, that Norma Wilson supplied appellant with the names of payees intending that they have no interest in the proceeds, was not conclusively proven by the evidence.

As a rule, a party moving for summary judgment must conclusively prove all essential elements of the cause of action or defense as a matter of law. *City of Houston v. Clear Creek, supra.* Although the appellant need not show the existence of a material issue of fact, he must show, in order to reverse the judgment below, that the summary judgment proof is insufficient to establish, as a matter of law, the absence of fact issues. *Anderson v. Bormann,* 489 S.W.2d 945 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). Summary judgments must stand on their own merits and the nonmovant's failure to answer or respond cannot supply by default, the summary judgment proof necessary to establish movant's right. *City of Houston v. Clear Creek, supra,* at 678. Furthermore, even in a case where there is uncontradicted evidence, if the ultimate conclusion drawn is not necessarily the only conclusion possible, such a conclusion of fact would preclude the granting of a summary judgment. *Panola County Commissioners Court v. Bagley,* 380 S.W.2d 878 (Tex.Civ.App.—Texarkana 1964, writ ref'd n.r.e.).

The uncontroverted deposition and affidavit evidence, as recited in appellees' brief and motion for summary judgment and relied on in the trial court's final order, establishes that:

1. Norma Wilson was an employee and agent of plaintiff at the time that each check made the subject of plaintiff's cause of action was prepared and signed; (Deposition of Clinton Weilbacher)

2. As bookkeeper, Norma Wilson prepared each of the checks and presented them to plaintiff for his signature; (Deposition of Clinton Weilbacher)

3. Each check made the basis of plaintiff's suit was deposited into the personal account of Norma Wilson at Broadway; (Affidavit of Linda Stocks)

4. Only Norma Wilson was authorized to withdraw funds from the account at Broadway; (Affidavit of Linda Stocks)

5. The payees were not entitled to and did not receive the proceeds of the checks forged by Wilson; (Depositions of Heneregildo Gonzales, Demacio Delgado, Alex Silva, Gilbert Gonzales and Robert Danielson, named payees)

6. Payees had been paid for services previously performed; (Depositions of named payees, above)

7. The proceeds of all checks were subsequently withdrawn from the account. (Affidavit of Linda Stocks)

The evidence that the payees named in the forged checks had all been paid for services previously rendered, and that they were not entitled to and never received proceeds from the forged checks, without more, is susceptible of only one conclusion. It is unlikely that reasonable minds could differ on whether Wilson intended the payees to receive proceeds from the forged instruments on these facts, when there is no evidence they were even aware the checks existed or of Wilson's scheme. Clearly the payees were not intended to receive the money in question. Appellant has failed to show that the trial court's conclusion was so inconsistent with the undisputed findings of fact as to be in error.

The parties are not in dispute as to the basic law applicable to this case. All concede that Tex.Bus. & Com.Code § 3.405(a)(3) governs its disposition.

██ Section 3.405, *supra,* places the loss attributable to forgery and caused by the conduct of a "faithless employee" upon the employer rather than the bank. The Code comments state that in a fictitious payee situation the loss should fall upon the employer as a risk of his business enterprise rather than upon the subsequent holder or drawee. The reasons given are that the employer is normally in a better position to prevent such forgeries by reasonable care in the selection or supervision of his employees. If he is not, he is at least in a better position to cover the loss by fidelity insurance, a cost more properly an expense of his business rather than of the business of the holder or drawee. Tex.Bus. & Com.Code § 3.405 comment at 4 (Vernon 1968).

The loss is shifted by making the indorsement effective rather than by explicitly imposing it upon the drawer. By declaring a forged indorsement effective, a collecting bank's liability on a Section 4.207 warranty and a drawee bank's liability to its customer under Section 4.401 are precluded with the result that the loss is borne by the drawer. *New Amsterdam Casualty Co. v. First Pennsylvania Bank and Trust Co.,* 451 F.2d 892 (3rd Cir.1971). The instant case is directly on point with the typical situations cited as examples in the Code commentary.

While there is no Texas authority directly construing Tex.Bus. & Com.Code Ann. § 3.405(a)(3), many other jurisdictions have applied the exact statute and granted summary judgment in similar factual situations. *Prudential Insurance Co. v. Marine National Exchange,* 371 F.Supp. 1002 (E.D. Wisconsin 1974); *Braswell Motor Freight Lines v. Bank of Salt Lake,* 28 Utah 2d 347, 502 P.2d 560 (1972); *General Accident Fire & Life Assurance Corp. v. Citizens Fidelity Bank & Trust,* 519 S.W.2d 817 (Ky.App. 1975). We hold that Section 3.405 bars plaintiff's recovery in this case as a matter of law. The judgment is affirmed.