**FIRST STATE BANK OF BELLAIRE,**
**Appellant,**

v.

**The STANDARD BANK, Appellee.**

**No. A14–82–839CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1983.
Rehearing Denied Jan. 19, 1984.

Nancy S. Polis, Foreman & Dyess, Houston, for appellant.

Mary Lee Brown, Eugene B. Wilshire, Jr., Bonham, Carrington & Fox, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment granted to appellee, Standard Bank, defendant below. The trial court held that appellee conclusively established that thirty-eight sight drafts were timely returned to appellant and properly dishonored. Appellant First State Bank of Bellaire (Bellaire, or appellant) now contends that it established there were genuine issues of material fact and that summary judgment was improper. We agree and therefore reverse the judgment.

This case involved thirty-eight drafts drawn by J.E. Edwards on The Standard Bank and payable to El Camino Motor Sales. El Camino endorsed the drafts and stamped them "for deposit only Boney's Motor Company, Inc." Boney's, a customer of Bellaire Bank, deposited the checks with appellant and was given immediate cash credit thereon. All but two of the thirty-eight drafts were forwarded to appellee Standard Bank for collection. The date they were actually forwarded is unknown. The drafts were then returned unpaid by appellee to appellant Bellaire Bank, some three weeks later.

As is their custom, Standard Bank, on the date they received the sight drafts

from Bellaire Bank, prepared collection letters in connection with them. At the top of each letter, appellee's employee types the date on which the collection letter is prepared along with a description of the type of draft; in this case, three-day sight drafts. Appellee, as the bank on which the drafts are to be drawn, has three banking days from the collection letter date to dishonor the sight drafts or they are presumed honored. In this case, each of the drafts was stamped "returned unpaid" within the mandatory three day period. Bellaire Bank, admits that if the dates on the collection letters were correct, the drafts were timely returned and summary judgment was proper. Instead, Bellaire claims that Standard Bank received the drafts prior to the time reflected on the collection letters and that the drafts were not processed on a timely basis.

In order to uphold a summary judgment, the moving party must establish as a matter of law that there are no genuine issues of fact. *Wesson v. Jefferson Savings & Loan Ass'n*, 641 S.W.2d 903, 904–905 (Tex. 1982). Conversely, in order to reverse the judgment below, appellant must show the summary judgment proof is insufficient as a matter of law. *Clinton Weilbacher Builder, Inc. v. Kirby State Bank*, 643 S.W.2d 473, 475 (Tex.App.—San Antonio 1982, no writ). Using these standards, we find appellant Bellaire Bank, adequately raised the insufficiency of appellee's summary judgment evidence.

First, appellant introduced the records of appellee bank showing that the collection letters for the thirty-eight drafts at issue were out of numerical order. Appellant also pointed to deposition testimony that the collection letters are consecutively numbered by Standard Bank's employee. Then as drafts were actually received, the next numerically corresponding collection letter was used, one for each draft. A fact issue was thus properly raised, since it was only in the case of these particular thirty-eight sight drafts that the collection letters, normally consecutive, were for some unknown reason prepared out of order.

Second, the records of Standard Bank showed that twenty-five of the consecutive numbers that would normally have been assigned to the collection letters during the relevant time period were missing. A bank officer testified in her deposition that incorrect letters are normally voided, not destroyed. Accordingly, there exists a fact issue as to what happened to the unaccounted for collection letters represented by these missing numbers.

Finally, appellant, Bellaire Bank, introduced evidence that appellee held drafts for the convenience of its own customers. This evidence, when viewed in the context of the missing collection letters, creates an additional fact question as to whether the bank may have held the drafts beyond the time deadline for the convenience of its customer in this case.

In view of these various fact issues raised by appellant, the summary judgment is reversed and the cause remanded.