74744. NORTHBROOK PROPERTY & CASUALTY INSURANCE COMPANY v. CITIZENS & SOUTHERN NATIONAL BANK.
(361 SE2d 531)

BEASLEY, Judge.

Northbrook Property and Casualty Insurance Company, as subrogee of Devin Management Company, Inc., brought suit against the Citizens and Southern National Bank seeking damages in the amount of $75,805.89. The complaint alleged that Devin's employee, Patricia Ferguson, from 1980 to 1983 cashed numerous unauthorized checks drawn by her on Devin's account and payable to fictitious individuals; that she fraudulently indorsed those checks and presented them to C & S; that C & S negligently accepted the checks and without further inquiry or authorization paid the funds to Patricia Ferguson in contravention of accepted banking practices and in violation of its contractual obligation to its depositors.

C & S moved for partial summary judgment based upon the following stipulation by the parties. Patricia Ferguson, Devin's office manager and bookkeeper, was authorized to sign the checks on behalf of the maker, Devin, and all checks for which recovery is sought were signed on Devin's behalf by her. Of the total sought of $75,805.89, checks totaling $1,892 were made payable to Patricia Ferguson or cash and $1,673 were valid or legitimate items which Devin intended to be paid. The controversy centers on checks in the amount of $71,289 which were made payable to fictitious persons or to actual persons who were not intended by Patricia Ferguson to have any interest in the items. During the time in question 369 checks were presented to branches of C & S for cashing, only 11 of which bore Patricia Ferguson's indorsement (the others were indorsed in the payee's name). C & S was informed of Devin's claim in February 1983.

The trial court granted C & S's motion for partial summary judgment finding OCGA § 11-3-405 to be controlling. Northbrook appeals to this court and contends that although OCGA § 11-3-405 is applicable, the fictitious payee/padded payroll defense contained therein is not absolute but should further involve the issue of whether the drawee bank was negligent in accepting forged items from an employee of the drawer.

As stated in the briefs, this is a question of first impression in Georgia. OCGA § 11-3-405 (b) and (c) (adopted from the Uniform Commercial Code) states: "An indorsement by any person in the name of a named payee is effective if: . . . A person signing as or on

behalf of a maker or drawer intends the payee to have no interest in the instrument; . . . or An agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest."

Anderson, Uniform Commercial Code, p. 163 § 3-405.3 points out that Code § 3-405 "permits anyone to indorse paper made payable to a fictitious person or to one who was not intended to acquire any interest in the paper. The purpose of § 3-405 is to promote negotiability and foster the commercial reliability of paper. The rationale of UCC § 3-405 is that the employer-drawer should bear the loss caused by his dishonest employee rather than thrusting it upon the drawee bank." (Indentions omitted.)

The Official Code Comment to U.C.C. § 3-405 explains that the test of subsection (1) (b) "is not whether the named payee is 'fictitious,' but whether the signer intends that he shall have no interest in the instrument. The following situations illustrate the application of the subsection. (a) The drawer of a check, for his own reasons, makes it payable to P knowing that P does not exist. . . . (c) The drawer makes the check payable to P, an existing person whom he knows, intending to receive the money himself and that P shall have no interest in the check. (d) The treasurer of a corporation draws its check payable to P, who to the knowledge of the treasurer does not exist. (e) The treasurer of a corporation draws its check payable to P. P exists but the treasurer has fraudulently added his name to the payroll intending that he shall not receive the check." (Indentions omitted.)

Thus, a loss from the activities of a faithless employee must be borne by the employer rather than the drawee bank. This is accomplished by making the indorsement effective even though it is unauthorized. "The principle followed is that the loss should fall upon the employer as a risk of his business enterprise rather than upon the subsequent holder or drawee. The reasons are that the employer is normally in a better position to prevent such forgeries by reasonable care in the selection or supervision of his employees, or, if he is not, is at least in a better position to cover the loss by fidelity insurance; and that the cost of such insurance is properly an expense of his business rather than of the business of the holder or drawee." Official Code Comment, U.C.C. § 3-405.

An overwhelming majority of the jurisdictions confronted with this issue have recognized the import of the code section to be that any loss arising from situations provided for therein should fall upon the employer and negligence on the part of the bank is irrelevant. Only bad faith by a bank prevents invoking the code section to defeat a claim. See, e.g., *City of Phoenix v. Great Western Bank*, 148 Ariz. 53 (712 P2d 966) (1985); *M & K Corp. v. Farmers State Bank*, 496 NE2d 111 (Ind. Ct. App. 1986); *McCarthy, Kenney & Reidy v. First*

*Nat. Bank of Boston*, 2 U.C.C. Rep. Serv.2d 977 (Mass. Super. Ct. 1986); *Consol. Public Water Supply v. Farmers Bank*, 686 SW2d 844, 851 (Mo. Ct. App. 1985); *Western Casualty &c. Co. v. Citizens Bank of Las Cruces*, 676 F2d 1344 (10th Cir. 1982); *Merrill Lynch &c. v. Chemical Bank*, 57 NY2d 439 (456 NYS2d 742, 442 NE2d 1253) (1982); *Braswell Motor Freight Lines v. Bank of Salt Lake*, 28 Utah 2d 347 (502 P2d 560) (1972).

Northbrook asks that we choose the minority position which is now viable in only one jurisdiction, California. See *E. F. Hutton & Co. v. City Nat. Bank*, 149 Cal. App. 2d 60 (196 Cal. Rptr. 614) (1983). Some strong policy arguments have been proffered in support of this position. An excellent articulation of these concerns is found in the special concurrence by Judge Cooke in *Merrill Lynch &c. v. Chemical Bank*, supra at p. 448. But these policy considerations are for the legislature. We are charged solely with construing the statutory language. We come to the same result finally reached by Judge Cooke that the code section makes no provision for negligence by the bank. Fortification for this plain meaning construction is implicit from the tenor of the U.C.C. In those situations where negligence is a factor, it invariably expressly appears in the section involved.

We therefore adopt the construction called for by the official comment and recognized by the near unanimous majority of other states which have considered the issue. Northbrook cannot recover because of mere negligence on the part of C & S. Cf. *Bank South v. Grand Lodge*, 174 Ga. App. 777, 780 (1) and 781 (2) (331 SE2d 629) (1985).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1987.

*Peter K. Kintz*, for appellant.
*Vickie Cheek Dorsey*, for appellee.