WITTEN PRODUCTIONS, INC., PLAINTIFF v. REPUBLIC BANK AND TRUST COMPANY, DEFENDANT AND THIRD PARTY PLAINTIFF, AND BRANCH BANKING AND TRUST COMPANY, DEFENDANT v. BERNARD A. BAILEY, INDIVIDUALLY, AND D/B/A THE ENTERTAINERS AND ENTERTAINERS OF AMERICA, INC., AND ENTERTAINMENT PROMOTIONS AND PRODUCTION, INC., AND NATHANIEL B. SMITH, III, INDIVIDUALLY, AND D/B/A SUPERSTAR CONCERTS, THIRD PARTY DEFENDANTS

No. 9027SC476

(Filed 5 March 1991)

### Uniform Commercial Code § 36 (NCI3d) — indorsements on checks — effectiveness

In plaintiff's action against defendant bank alleging liability for its handling of twenty checks indorsed in some form of the payee's name and five checks indorsed "For Deposit Only" by the intended payee, the trial court properly entered summary judgment for defendant since an indorsement by any person in the name of a named payee is effective if an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest; plaintiff and third party defendant Bailey had entered a joint venture in which third party defendant would promote concerts and plaintiff would provide a majority of the financial backing; members of a joint venture are agents for one another so that third party defendant was an agent for plaintiff; the twenty checks indorsed in some form of the named payee's name had effective indorsements pursuant to N.C.G.S. § 25-3-401(2); and the five checks indorsed "For Deposit Only" had payees whose names were supplied by third party defendant; third party defendant intended that the named payees would have no interest in the checks; and third party defendant was the intended payee in each instance, and he received the payment. N.C.G.S. § 25-3-405.

### Am Jur 2d, Bills and Notes §§ 331, 362.

APPEAL by plaintiff from order entered 11 January 1990 by *Judge C. Walter Allen* in GASTON County Superior Court. Heard in the Court of Appeals 29 November 1990.

Plaintiff (Witten Productions, Inc.) entered into a joint venture agreement with third party defendant (Bailey). Bailey was to produce various shows and concerts while plaintiff provided

most of the financial backing for the productions. A separate contract was entered for each event promoted, and profits and losses were to be allocated on a pro rata basis. Bailey would inform plaintiff of expenses incurred and receive a check for this amount. Next Bailey would deposit the check into an account from which creditors were to be paid. Finally, Bailey would calculate plaintiff's share of the profits and pay plaintiff this amount.

Plaintiff drew and delivered twenty-five checks totaling $953,251.00 to Bailey's company, Entertainers of America, Inc., for payment of expenses arising from the productions. All twenty-five checks were deposited into accounts controlled by Bailey in defendant's bank (Republic Bank and Trust Company). Eighteen of the checks were made payable to either "Republic Nat'l Bank & Ent. of America Escrow Acct." or "Republic Bank and Trust & Ent. of America Escrow Acct." The indorsement on these checks was a stamped "Entertainers." The remaining seven checks were made out to third parties. Two of these checks were indorsed by a stamped name similar to the named payee's name. Five of the checks accepted for deposit by defendant were stamped "For Deposit Only."

Plaintiff brought an action against defendant alleging liability for its handling of these checks. The trial court heard defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment on 4 December 1989. From the trial court's order granting defendant's motion and denying plaintiff's cross-motion, plaintiff appeals.

*Don H. Bumgardner for plaintiff-appellant.*

*Rayburn, Moon & Smith, by Travis W. Moon and Matthew R. Joyner, for defendant-appellee, Republic Bank and Trust Company.*

ARNOLD, Judge.

Plaintiff first contends the trial court erred in granting defendant's motion for summary judgment. The test for granting summary judgment is "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c).

We first look to North Carolina General Statutes Chapter 25, Article 3, the Uniform Commercial Code — Commercial Paper, which

governs checks and their validity. The Uniform Commercial Code allocates the parties' losses by their relative responsibility for the loss. *See* McDonnell, *Bank Liability for Fraudulent Checks: The Clash of the Utilitarian and Paternalist Creeds Under the Uniform Commercial Code*, 73 Geo. L.J. 1399 (1985). Generally a forged indorsement on a check is inoperative as the payee's indorsement, and the drawer is not liable for an unauthorized indorsement. N.C. Gen. Stat. § 25-3-404 (1986). The payee's indorsement is needed to negotiate the check and pass good title. N.C. Gen. Stat. § 25-3-417(2) (1986). The initial depository bank which presents a check with a forged indorsement to a collecting or a drawee bank breaches its warranty of good title and becomes liable for the check. *North Carolina Nat'l Bank v. Hammond*, 298 N.C. 703, 260 S.E.2d 617 (1979).

There is an exception to this general principle that a forged indorsement is inoperative to pass good title.

(1) An indorsement by any person in the name of a named payee is effective if . . . (c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest.

N.C. Gen. Stat. § 25-3-405(1)(c) (1986). A collecting bank does not breach its warranty of good title by presenting a check with a forged, but "effective," indorsement to a drawee bank. *See id.* As a result the drawee is allowed to pass the resulting loss on to the drawer-employer.

There are three policy reasons for placing the risk of loss upon the drawer or maker: (1) the risk, or the cost of insuring against it, is more properly the drawer's business risk; (2) the drawer can prevent losses by careful hiring and supervision of employees in sensitive positions; and (3) the drawer can obtain fidelity insurance. G.S. § 25-3-405 (Official Comment 4). This rule seems "a banker's provision intended to narrow the liability of banks and broaden the responsibility of their customers." White and Summers, *Uniform Commercial Code* § 16-8, 639 (2nd ed. 1980). For the loss to be placed on the drawer, three conditions must be satisfied: (1) an agent or employee must supply the name of the payee to the drawer, (2) intending that the payee have no interest in the check, and (3) forge an indorsement in the name of the intended payee. G.S. § 25-3-405(1)(c).

**WITTEN PRODUCTIONS v. REPUBLIC BANK & TRUST CO.**

[102 N.C. App. 88 (1991)]

The plaintiff argues there was disputed evidence as to whether an agent supplied the names of the payees on the checks in question. Plaintiff and Bailey entered a joint venture in which Bailey would promote concerts and plaintiff would provide a majority of the financial backing. Members of a joint venture are agents for one another. *Pike v. Wachovia Bank and Trust Co.*, 274 N.C. 1, 161 S.E.2d 453 (1968). Bailey, as a member of the joint venture with plaintiff, was an agent for plaintiff. It is the existence of this agency, not the scope of the agency, which is required for G.S. § 25-3-405(1)(c) to apply. Even assuming that Bailey exceeded his authority, his indorsement would still be "effective" as against plaintiff, the drawer-employer. Plaintiff has failed to produce a forecast of evidence showing a genuine issue of a material fact as to the agency of Bailey.

Plaintiff next contends there was disputed evidence as to the effectiveness of the indorsements on the checks, and the defendant's negligence in accepting those indorsements is a bar to the application of G.S. § 25-3-405(1)(c). The Uniform Commercial Code is "remarkably lenient in favor of operative indorsements . . . ." Triantis, *Allocation of Losses From Forged Indorsements on Checks and the Application of § 3-405 of the Uniform Commercial Code*, 39 Okla. L. Rev. 669, 682 (1986). Signatures may take several forms and still be effective. "A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature." N.C. Gen. Stat. § 25-3-401(2) (1986).

Eighteen checks were indorsed by a stamped "Entertainers" while the payee listed was either "Republic Nat'l Bank & Ent. of America Escrow Acct." or "Republic Bank and Trust & Ent. of America Escrow Acct." Two checks were indorsed with a stamp similar to the listed third party payee's name. The twenty checks indorsed in some form of the named payee's name have effective indorsements.

No reference is made to a bank's negligence as an exception to the application of G.S. § 25-3-405, while adjacent sections do acknowledge a bank's standard of care as a relevant factor in their application. Most courts have ruled that a bank's negligence is immaterial to the application of U.C.C. § 3-405(1)(c). *See Northbrook Property & Cas. Ins. v. Citizens & Southern Nat'l Bank*, 184 Ga. App. 326, 361 S.E.2d 531 (1987); *Merrill Lynch, Pierce, Fenner*

& *Smith, Inc. v. Chemical Bank*, 57 N.Y.2d 439, 456 N.Y.S.2d 742, 442 N.E.2d 1253 (1982); White and Summers, *Uniform Commercial Code* § 16-8 (2nd ed. 1980). Accordingly, plaintiff's assignment of error as to these checks must fail.

Defendant accepted five checks for deposit into accounts controlled by Bailey. These checks bore only a stamped "For Deposit Only." Plaintiff testified that none of the payees listed on these five checks have appeared to demand payment. When Bailey provided defendant with the payees' names, Bailey intended that the named payees would have no interest in the checks. Rather, Bailey was the intended payee in each instance, and he received the payment.

"Numerous cases under the Code and earlier law recognize that a party who transfers or pays a check bearing an incomplete indorsement incurs no liability if the proceeds of the check reach the intended payee." *Perini Corp. v. First Nat'l Bank*, 553 F.2d 398, 412, *reh'g denied*, 557 F.2d 823 (5th Cir. 1977). The rationale for this holding is that a bank will only be held accountable for losses which occur because the payee named on the check, who possesses a superior claim to the check's proceeds, appears to demand payment. "As far as this litigation is concerned, the proceeds of the checks went to the payees designated on the face of the instruments." *Id.*

Had Bailey or anyone else indorsed the checks in the payees' names, G.S. § 25-3-405 would have applied. *See* G.S. § 25-3-405 (North Carolina Comment (2): "A purportedly regular indorsement is required."). The three policy reasons which support G.S. § 25-3-405 are equally applicable here. This risk is more properly allocated to the business than to the bank. Plaintiff could have prevented the losses by better supervision of his agent or by obtaining fidelity insurance. Plaintiff has failed to show a genuine issue as to a material fact involving these five checks.

Summary judgment for defendant as to the twenty checks indorsed in some form of the payee's name and the five checks indorsed "For Deposit Only" by the intended payee is

Affirmed.

Judges EAGLES and PARKER concur.