PER CURIAM.
The trial court properly granted a summary judgment in favor of the several banks pursuant to provisions of Section 673.405(l)(b)[1] Because this section provides an absolute defense (absent a showing of bad faith) on the part of a bank as a result of a maker or its agent designating a fictitious payee and then endorsing same, McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750 (3rd Cir.1990); Western Casualty & Surety Company v. Citizens Bank of Las Cruces, 676 F.2d 1344 (10th Cir. 1982); Fidelity & Casualty Company v. First City Bank of Dallas, 675 S.W.2d 316 (Ct.App.Tex.1984); Hinkle d/b/a Akron Novelty Company v. Cornwell Quality Tool Company, 40 Ohio App.3d 162, 532 N.E.2d 772 (1987), Del Rio’s delivery to independent insurance agents of blank Del Rio drafts clearly makes this case fall within the section quoted of Section 673.-405(l)(b), and provides the several banks with the fictitious payee defense. Western Casualty & Surety Company v. Citizens Bank of Las Cruces, supra; Prudential Insurance Company of America v. Marine National Exchange Bank of Milwaukee, 371 F.Supp. 1002 (E.D.Wisc.1974); Fidelity & Casualty Company v. First City Bank of Dallas, supra. The trial court followed the majority rule in holding that the banks negligence, or lack thereof, in paying drafts because of forged fictitious endorsements, is of no moment pursuant to the Section 673.405(l)(b), Northbrook Property and Casualty Company v. Citizens & Southern National Bank, 184 Ga. App. 326, 361 S.E.2d 531 (Ga.App.1987); Public Water Supply District N.C-1 v. Farmers Bank, 686 S.W.2d 844 (Ct.App. Mo.E.D. Div. 4, 1985); Kraftsman Container Corporation v. United Counties Trust Company, 169 N.J.Super. 488, 404 A.2d 1288 (S.Ct.N.J.1979); Merrill, Lynch, Pierce, Fenner & Smith, Incorporated v. Chemical Bank, 57 N.Y.2d 439, 456 N.Y.S.2d 742, 442 N.E.2d 1253 (Ct.App. N.Y.1982); Prudential-Bache Securities, Inc. v. Citibank, N.A., 73 N.Y.2d 263, 539 N.Y.S.2d 699, 536 N.E.2d 1118 (Ct.App. N.Y.1989); McCarthy, Kinney & Reidy P.C. v. The First National Bank of Boston, 402 Mass. 630, 524 N.E.2d 390 (S.Ct. Mass.1988); Hinkle, d/b/a Akron Novelty Company v. Cornwell Quality Tool Company, supra, and the holder in due cause doctrine does not preclude the application of Section 673.405(b). Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla.1958); United States v. Wong Kim Bo., 472 F.2d 720, (5th Cir.1972).
There is good reason for the defense provided by Section 673.405(l)(b), because Del Rio placed in commerce the unsigned drafts, and authorized its agents to complete same, and caused their delivery. As between two innocent parties, Del Rio and the banks, the one who had the ability to prevent the loss should suffer the loss, there being no contention of bad faith actual or constructive knowledge of the forgeries as to the respective banks.
Therefore the final summary judgment as to all four banks is affirmed.
Affirmed.

. 673.405 Impostors; signature in name of payee.
(1) An indorsement by any person in the name of a named payee is effective if:
(b) A person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument.